**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| PATRICIA ANN WADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02256-TWP-MJD |
| | ) | |
| INDIANA UNIVERSITY SCHOOL OF | ) | |
| MEDICINE, SHERYL ALLEN, | ) | |
| and ABBY KLEMSZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DENYING PLAINTIFF'S POST JUDGMENT MOTION

This matter is before the Court on Plaintiff Patricia Ann Wade's ("Ms. Wade") Post Judgment Motion to alter or amend the Court's summary judgment ruling pursuant to Federal Rule of Civil Procedure 59(e), (Dkt. 108). On July 12, 2019, the Court granted the Defendants Indiana University School of Medicine ("IU"), Sheryl Allen ("Dr. Allen"), and Abby Klemsz's ("Ms. Klemsz") (collectively "the Defendants") Motion for Summary Judgment, (Dkt. 106), and entered final judgment that same date, (Dkt. 107). Ms. Wade filed her post judgment motion thirty-one (31) days later, on August 12, 2019. The Defendants elected not to respond. For the reasons stated below, the Post Judgment motion to alter or amend the judgment (Filing No. 108) is **denied**.

## I. LEGAL STANDARD

A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The purpose of a motion to alter or amend judgment under Rule 59(e)

is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

The Court incorporates by reference the background section of its Entry granting IU's summary judgment motion (Dkt. 106 at 2-7) and provides only a brief summary in this Entry. After IU terminated her employment, Ms. Wade filed this *pro se* action asserting claims of employment discrimination and retaliation based on her age, sex, and race, and a deprivation of her equal protection and due process rights. In response, the Defendants raised various defenses, which they asserted entitled them to summary judgment, and also argued that summary judgment was warranted because Ms. Wade was terminated for not meeting legitimate employment expectations. (Dkt. 68). The Court found that summary judgment was warranted on all of Ms. Wade's claims. (Dkt. 106 at 26). In the instant motion, Ms. Wade asks the Court to reopen this

case and alter or amend the summary judgment ruling pertaining only to her claims of age discrimination and retaliation.

As an initial matter, the Court notes that it issued its Order on Defendants' Motion for Summary Judgment on July 12, 2019 (Dkt. 106). Ms. Wade filed her Post Judgment Motion (Dkt. 108) on August 12, 2019, thirty-one days after the Court's Order. Therefore, the motion to alter or amend under Rule 59(e) is purportedly untimely and should be denied on this basis. The Court recognizes, however, that Ms. Wade is proceeding *pro se* and does not have access to electronic filing of her documents; accordingly, the Court will provide analysis on her Motion.

Ms. Wade contends that the Court should alter the judgment because the Court made manifest errors of law in denying her claims of age discrimination and retaliation. In particular, she requests that the Court "strip Defendants of their Sovereign Immunity"; "Sanction Defendants for Perjury and Obstruction of Justice"; "Notify Plaintiff if additional authentications are needed"; and "Impose other sanctions as the Court deems appropriate." (Dkt. 108 at 2).

On its merits, the post judgment motion must be denied. In her response to IU's Motion for Summary Judgment, Ms. Wade did not present any factual disputes that affected the Court's sovereign immunity analysis. Rather, Ms. Wade argued the Defendants "are not immune under the Eleventh Amendment because they failed to demonstrate good faith efforts to comply with applicable federal employment laws." (Dkt. 92 at 29.) The Defendants acknowledged one exception to immunity; that a plaintiff may file suit against the individual state officials for "prospective injunctive relief to protect the plaintiff against any further or ongoing violation of his federal rights." *Bissessur v. Ind. Univ. Bd. of Trs.*, 2008 U.S. Dist. LEXIS 69299, at *6 (S.D. Ind. Sep. 10, 2008). Thus, Ms. Wade could pursue only prospective injunctive relief from Defendants Dr. Allen and Ms. Klemsz in their official capacities.

The Court determined that Ms. Wade's sole reliance on the "good faith exception" and good faith efforts of the Defendants was misplaced because that exception and the out-of-circuit case law upon which she relied concerned the availability of punitive damages in employment disputes. It did not concern the issue of whether sovereign immunity protected the Defendants. In contrast, the case law cited by the Defendants was on point, and controlling in the Seventh Circuit[1]. The Court granted summary judgment to IU on the Age Discrimination in Employment Act ("ADEA"), Section 1981 and Section 1983 claims based on IU's sovereign immunity. Summary judgment also was granted to Dr. Allen and Ms. Klemsz based on Eleventh Amendment immunity, except that Ms. Wade was allowed pursue prospective injunctive relief from them in their official capacity.

Ms. Wade now asserts that the Defendants "waived their sovereign immunity" because they "agreed to arbitrate with [her] during her Grievance for Termination" and she argues that "[d]efendants in discrimination suits who receive federal funding under any program and for any purpose waive their sovereign immunity". (Dkt. 108 at 3.) These arguments fail because Ms. Wade did not make either of them in her summary judgment briefing. As noted above, her sole response to Defendants' sovereign immunity defense was that the Defendants "are not immune under the Eleventh Amendment because they failed to demonstrate good faith efforts to comply with applicable federal employment laws." (Dkt. 92 at 29.) Litigants cannot stand mute, lose a

---

[1] Under Seventh Circuit case law, Section 1981, Section 1983, and ADEA claims against state agencies are barred by the Eleventh Amendment because immunity has not been abrogated. *See Peirick v. Ind. Univ.-Purdue Univ. Indpls. Athletics Dept.*, 510 F.3d 681, 695–97 (7th Cir. 2007); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1184 (7th Cir.1982). IU is an "instrumentality," "arm," or "alter ego" of the State of Indiana for purposes of the Eleventh Amendment, and IU has not waived immunity or otherwise consented to this lawsuit. *Shannon v. Bepko*, 684 F. Supp. 1465, 1473 (S.D. Ind. 1988); Ind. Code § 34-13-3-5(f). Individuals being sued in their individual capacity are protected by sovereign immunity when the claim against them is not a "bona fide individual capacity suit" and instead seeks relief that would "expend itself on the public treasury." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Luder v. Endicott*, 253 F.3d 1020, 1022–23 (7th Cir. 2001).

motion, and then frantically gather evidentiary material or submit new legal theories to show that the court erred in its ruling.

Seventh Circuit precedent establishes that where a party requests to assert a new affirmative defense, well after the close of discovery and on the eve of summary judgment proceedings, there is significant prejudice to the opposing party that justifies a court's denial of the request. *See Feldman v. Am. Mem'l Life Ins. Co.,* 196 F.3d 783, 793 (7th Cir. 1999). Likewise, it is not appropriate to raise new arguments in a Rule 59(e) motion for the first time following ruling on a summary judgment motion. *See Caisse National de Credit Agricole v. CBI Industries, Inc.* 90 F. 3d 1264 (7th Cir. 1996). Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. *Id.* at 1270. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion. *In Re Oil Spill,* 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd,* 4 F.3d 997 (7th Cir.1993) (citing *Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985)). Nor is it the appropriate vehicle to introduce new legal theories. *Bally Export Corp. v. Balicar Ltd.,* 804 F.2d 398, 404 (7th Cir.1986). Accordingly, the post judgment motion for reconsideration of Defendants' sovereign immunity is **denied**.

Ms. Wade's arguments that Dr. Allen's affidavits are fictitious and perjurious and that IU assistant General Counsel, James Nussbaum, lied under oath (Dkt. 108 at 4-7), are unsupported by any evidence. Her remaining arguments regarding pretext, due process, retaliation and similarly situated staff members, have been previously argued and rejected. Ms. Wade has failed to show any error of law or fact regarding the Court's granting Defendants' Motion for Summary

Judgment.  She argues a simple disappointment with the Court's reasoning and rulings, and her motion must be **denied** regarding these arguments.

### III.  CONCLUSION

For the reasons stated above, the Court determines that it did not commit a manifest error of law or fact in its previous Entry granting the Defendants' Motion for Summary Judgment, and there is no newly submitted evidence that justifies an amendment or alteration to the Court's previous Entry.  Therefore, Ms. Wade's Post Judgment Motion for reconsideration of the Court's Entry on Defendants' Motion for Summary Judgment, Dkt. [108] is **DENIED**.

**SO ORDERED.**

Date:  9/17/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patricia Ann Ms. Wade
512 Grand View Street
Spencer, Indiana  47460-1000

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP
mmacchia@taftlaw.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
mterrell@taftlaw.com

Meghan Uzzi Lehner
CLEVELAND LEHNER CASSIDY
meghan@clcattorneys.com